IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK FULLER *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERIGAS PROPANE, INC. *et al.*,<br><br>    Defendants<br><br><br>BART FRAENKEL *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERIGAS PROPANE, INC. *et al.*,<br><br>    Defendants | NOS. C 09-2493 TEH & 09-2616 TEH<br><br><br>ORDER GRANTING MOTIONS TO STAY |

This matter came before the Court on August 3, 2009 on Defendants' Motions to Stay in both matters captioned above. Having carefully reviewed all written and oral arguments, the Motions are GRANTED for the following reasons.

In both of these cases, proposed named Plaintiffs seek to represent classes of individuals bringing consumer claims against Defendant propane companies for the sale of allegedly improperly and fraudulently filled propane tanks. On June 23, 2009, the plaintiff in a similar case in Kansas against the Ferrellgas Defendants filed a motion to transfer his case, the two instant cases, and a series of other similar federal cases to the District of Kansas for

consolidation through Multidistrict Litigation treatment.[1]  As a result of that Motion to Transfer, now pending before the Judicial Panel on Multidistrict Litigation[2] ("MDL Panel"), Defendants anticipate that some or all of the nine federal actions might be transferred, coordinated, or consolidated by the MDL Panel.  Therefore, Defendants filed the instant motions, asking the Court to stay all proceedings pending a decision from the MDL Panel.

Granting a motion to stay is within the sound discretion of the Court.  "A district court has the inherent power to stay its proceedings.  This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  All parties acknowledge the Court's discretion in considering this motion.  When considering a motion to stay, the court weighs a series of competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  Other courts have articulated and interpreted this third factor as a question of judicial economy.  *See Rivers*, 980 F. Supp. at 1360.

These factors weigh in favor of granting Defendants' Motions.  The Court observes no meaningful prejudice that a stay would cause to Plaintiff.  Considering that both cases for which MDL treatment is sought are in very early procedural stages and that the MDL Panel

---

[1] In addition to the present case, Defendant states that the other matters are: "*Border, et al. v. Blue Rhino Corporation, et al.*, CV 09-04649 SVW (Rzx) (C.D. Cal.) (as removed from Los Angeles Co. Superior Court); *Fraenkel, et al., v. Amerigas Propane, Inc.*, C-09-02616 TEH (N.D. Cal.); *Lazaroff v. Ferrellgas, L.P.*, CV 09-04274-PSG (C.D. Cal.); *Drucker v. Ferrellgas Partners, L.P.*, 09-cv-2305 KHV/GLR (D. Kan.); *Calarco v. Ferrellgas Partners, L.P.*, 09-0465-CV-W-GAF (W.D. Mo.); *Peter Yunis, et al. v. Ferrellgas, L.P., et al.*, C-09-3093-SI (N.D. Cal.); *Bruce McIntyre, et al. v. Amerigas Propane, Inc.*, et al. 2:09-cv-03118-ER (E.D. Penn.); and *Michael D'Aloia, et al. v. Amerigas Propane, Inc., et al.* (8:09-cv-1374-T24 TBM) (Middle Dist. Florida)."

[2] The MDL motion, MDL No. 2086, is styled by the panel as *In re Pre-Filled Propane Tank Marketing & Sales Practices Litigation*.

is expected to hear this matter within a few months, any delay caused by this stay will be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence. Plaintiffs assert that consumers will continue to suffer harm over a greater period of time due to the stay, but this is a harm that has a simple monetary remedy should a court eventually enter judgment for the Plaintiffs. To the extent that Plaintiffs assert that the rebate program that AmeriGas has initiated will prejudice the Plaintiffs, Plaintiffs have not shown how a stay will worsen the effects of such a program. As to the second factor, although the trouble of going forward with this case while the MDL motion is pending does not rise to the level of imposing inequity on the Defendants, there is some hardship associated with the effort required to conduct discovery in multiple cases that may be rendered pointless or redundant by the decision of the MDL panel.

Defendants' argument for the stay rests most soundly on judicial economy, which furthers the third *Landis* factor as formulated in *Rivers*; it is primarily on this basis that the Court will grant the motions. There is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court. *See Rivers*, 980 F. Supp. at 1361. Duplication of case management tasks by multiple courts is not an economical use of judicial resources. "Therefore, there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision."[3] *Id.* An order staying all further proceedings will not only conserve the resources

---

[3]The *Rivers* court holding in full stated:

> There are two ways in which judicial resources could be conserved by staying this matter. First, if this case is consolidated with the other cases . . . and this Court is not assigned by the MDL Panel to preside over the consolidated litigation, this court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate [the] cases in this Court.

*Rivers*, 980 F. Supp. at 1360-61.

of this Court, but will also preserve those of both parties involved while simultaneously allowing them to tailor discovery and avoid duplicative or unnecessary tasks. Thus, the *Landis* test militates toward granting Defendants' Motion.

The decision to issue a stay is consistent with the rulings of "a majority of courts [that] have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Id.* at 1362 (citing *American Seafood*, 1992 WL 102762, at *6 (citing *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725 (D.N.J. 1991)); *Portnoy v. Zenith Labs.*, 1987 WL 10236, at *1 (D.D.C. 1987)).

For the foregoing reasons, this Court shall stay this action in its entirety until the Judicial Panel on Multidistrict Litigation has ruled on the Motion for Transfer to the District of Kansas. All deadlines in these matters are VACATED until after the MDL Panel's ruling is issued. Should the MDL Panel deny the pending motion, the parties shall stipulate to a new schedule of deadlines within 15 days of the MDL Panel ruling.

**IT IS SO ORDERED.**

Dated: August 3, 2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT